**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Frank Lee, et al.,

      Plaintiffs,

     v.                           Case No. 2:06-cv-0533
                                    JUDGE GRAHAM
Dublin Manor Corp., et al.,

      Defendants.

## OPINION AND ORDER

This matter is before the Court on the motion of Defendant Commonwealth Land Title Insurance Company ("Commonwealth") to dismiss the claims of Plaintiffs Frank and Twila Lee (collectively the "Lees") against it for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Lees, husband and wife, have brought this lawsuit against several defendants for claims arising out of their purchase of a new home. The Lees allege that Defendants Dublin Manor Corporation and Dublin Manor LLC (collectively "Dublin Manor") violated their rights under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2608. The Lees also have asserted various state law claims against Dublin Manor, as well as state law claims against Defendants Central Ohio Agency, Kara Tinkler, and Commonwealth pursuant to this Court's supplemental jurisdiction. The relevant claims, for the purposes of Commonwealth's motion to dismiss, are the Lees' claims for fraud and negligence against Commonwealth.

The Lees contend that, at the closing, an agent of Commonwealth, Kara Tinkler, falsely provided information to them

regarding the existence of a permanent certificate of occupancy for the property.  The Lees allege that they relied upon this misrepresentation in closing on the property and that, consequently, Commonwealth is liable to them for the damages they have sustained under either a theory of fraud or negligence.  In response to the Lees' allegations, Commonwealth filed its motion to dismiss for failure to state a claim upon which relief can be granted.  Commonwealth asserts various theories which it contends serve as a complete bar to the Lees' claims against it.  The Court has considered each of Commonwealth's arguments and, for the reasons set forth below, grants Commonwealth's motion to dismiss Frank Lee's claims, but denies the motion to dismiss Twila Lee's claims.

## I.  Background

On December 4, 2004, Twila Lee contracted with Dublin Manor to construct a single-family home at 175 Lantern Lane in Plain City, Ohio.  The Lees contend that, as a condition of their contract for the sale of the new home, they were required to purchase title insurance from Commonwealth and to close at a title company selected by Dublin Manor.  The Lees allege further that Dublin Manor chose Defendant Central Ohio Agency as the title company at which the closing would occur.  The Lees contend that Dublin Manor's performance under the contract in building the home was, inter alia, negligent and of substandard quality.  The Lees specifically allege that the home contained various deficiencies, errors, mistakes, and omissions which serve, in part, as the basis for their claims against Dublin Manor.

In addition to their claims against Dublin Manor, the Lees have set forth claims against Commonwealth.  The Lees assert that, during the closing, they asked Defendant Kara Tinkler whether a valid and permanent certificate of occupancy existed for the property.  The Lees allege that Kara Tinkler, as an employee and agent of Commonwealth and an agent for Central Ohio Agency, responded and informed them that the certificate was contained in the papers the Lees would receive at the closing.  The Lees contend that a permanent certificate of occupancy had not been granted and that Commonwealth, through its agent Kara Tinkler, falsely misrepresented this fact to them, thereby causing them to rely upon the statement and close on the property.  The Lees have sued Commonwealth on the basis of this misrepresentation under theories of fraud and negligence.

## II.  Standard of Review

In ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all well-pleaded allegations in the complaint as true.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)(A district court weighing a motion to dismiss asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.").

A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory.  Weiner v. Klais & Co., Inc., 108 F.3d 86, 88 (6th Cir. 1997).  While the complaint need not contain detailed factual allegations, the factual allegations must be enough to raise the claimed right to relief

above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-65 (2007); <u>Associated Gen. Contractors of Cal., Inc. v. Carpenters</u>, 459 U.S. 519, 526 (1983)("It is not . . . proper to assume that [the plaintiff] can prove facts that it has not alleged[.]").  The plaintiff must provide more than labels and conclusions, or a formulaic recitation of the elements of a cause of action, <u>Twombly</u>, 127 S. Ct. at 1965, and the court is not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986); <u>see also</u> <u>Morgan v. Church's Fried Chicken</u>, 829 F.2d 10 (6th Cir. 1987)(noting that the court is not required to accept as true unwarranted legal conclusions or factual inferences).  A motion to dismiss under Rule 12(b)(6) will be granted if the complaint is without merit due to an absence of law to support a claim of the type made or of facts sufficient to make a valid claim, or where the face of the complaint reveals that there is an insurmountable bar to relief. <u>Rauch v. Day & Night Mfg. Corp.</u>, 576 F.2d 697 (6th Cir. 1978).

As a general rule, matters outside the pleadings may not be considered in ruling on a 12(b)(6) motion to dismiss unless the motion is converted to one for summary judgment under Rule 56. <u>Jackson v. City of Columbus</u>, 194 F.3d 737, 745 (6th Cir. 1999); <u>Weiner</u>, 108 F.3d at 88.  The court, however, may consider extrinsic materials, without converting the motion to one for summary judgment, if the materials merely "fill in the contours and details" of a complaint. <u>Yeary v. Goodwill Indus.-Knoxville, Inc.</u>, 107 F.3d 443, 445 (6th Cir. 1997). The court may also consider a

document or instrument which is attached to the complaint, or which is referred to in the complaint and is central to the plaintiff's claim. See Fed. R. Civ. P. 10(c)("[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); Weiner, 108 F.3d at 89.

### III. Analysis

### A. Frank Lee's Claims Against Commonwealth

As an initial matter, the Court finds that Plaintiff Frank Lee has failed to state a claim against Commonwealth upon which relief can be granted. The Lees contend in their claims against Commonwealth that they relied upon the misrepresentation by Commonwealth's agent, Ms. Tinkler, in closing on the property. The Court has reviewed the amended complaint and the contract to purchase the property, as well as the policy for title insurance which the Lees contend they were required to purchase from Commonwealth. Frank Lee was neither a party to the Dublin Manor contract, nor an insured under the Commonwealth policy. As discussed more fully, infra, justifiable reliance is an element of the claims of fraud and negligent misrepresentation which the Lees attempt to allege against Commonwealth. Because Frank Lee was not a party to the contract with Dublin Manor or the insured under the policy with Commonwealth, and has not otherwise alleged any reliance upon the purported misrepresentation of Commonwealth, he has failed to state a claim upon which relief may be granted. Commonwealth's motion to dismiss Plaintiff Frank Lee's claims against it is granted.

**B.  Twila Lee's Claims Against Commonwealth**

**1.  Fraud**

While state law governs the burden of proving fraud at trial, the procedure for pleading fraud is governed by the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Under Rule 9(b), averments of fraud and the circumstances constituting the fraud must be stated with "particularity." Fed. R. Civ. P. 9(b).  To comply with Rule 9(b), the Sixth Circuit requires a plaintiff to, at a minimum, "'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" Walburn v. Lockheed Martin Corp., 431 F.3d 966, 972 (6th Cir. 2005) (quoting Coffey v. Foamex L.P., 2 F.3d 157, 161-62 (6th Cir. 1993)). Allegations of fraudulent misrepresentations must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made. Coffey, 2 F.3d at 162.  Rule 9(b) provides that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." Minger v. Green, 239 F.3d 793, 800 (6th Cir. 2001).

When deciding a motion to dismiss which alleges that a party has failed to comply with Rule 9(b), this Court must also consider the policy favoring simplicity in pleading codified in Rule 8, which requires a "short and plain statement of the claim." Fed. R. Civ. P. 8(a); see also Sanderson v. HCA-The Healthcare Co., 447 F.3d 873, 876 (6th Cir. 2006)(stating that the particularity requirement of Rule 9(b) must be read in harmony with the requirements of Rule 8).  The threshold test is whether the

6

complaint places the defendant on sufficient notice of the misrepresentation, thus allowing the defendant to answer and address the plaintiff's claim of fraud in an informed manner. Coffey, 2 F.3d at 162; United States ex rel. Bledsoe v. Cmty. Health Sys., Inc., 342 F.3d 634, 643 (6th Cir. 2003)(stating that the complaint should provide fair notice to defendant and enable it to prepare an informed pleading responsive to the specific allegations of fraud).

Under Ohio law, the elements of a fraud claim are: (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. Russ v. TRW, Inc., 59 Ohio St. 3d 42, 49 (Ohio 1991).

A specific claim of fraud in the inducement arises when a party is induced to enter into an agreement through fraud or misrepresentation. ABM Farms, Inc. v. Woods, 81 Ohio St. 3d 498, 502 (Ohio 1998). "The fraud relates not to the nature or purport of the [contract], but to the facts inducing its execution . . . ." Id. (quoting Haller v. Borror Corp., 50 Ohio St. 3d 10, 14 (Ohio 1990)). A fraudulent inducement claim often alleges that "a misrepresentation of facts outside the contract or other wrongful conduct induced a party to enter into the contract." ABM Farms, 81 Ohio St. 3d at 503. To prove fraud in the inducement, a plaintiff

7

must demonstrate that the defendant made a knowing, material misrepresentation with the intent of inducing the plaintiff's reliance, and that the plaintiff relied upon that misrepresentation to his detriment.  Id.; see also Beer v. Griffith, 61 Ohio St. 2d 119, 123 (1980).  A plaintiff may assert a specific claim for fraud in the inducement by pleading the same elements as generally required for fraud.  See Medical Billing, Inc. v. Medical Mgmt., 212 F.3d 332, 338 (6th Cir. 2000)(applying Ohio law).

Commonwealth argues that the fraud claim has not been alleged with sufficient particularity to withstand this motion to dismiss. However, the Court finds that the fraud claim complies with the requirements of Rule 9(b).  Twila Lee contends that, at the closing for the home, Commonwealth, through its agent Ms. Tinkler,[1] falsely informed the Lees that a permanent certificate of occupancy had been granted for the home.  Twila Lee alleges further that the representation was made by Commonwealth with knowledge of its falsity and that she and her husband, in reliance on Commonwealth's representation, closed on the property.  She contends that as a direct and proximate result of this fraudulent misrepresentation, she sustained damages.  The amended complaint sufficiently alleges the nature, time, and place of the misrepresentation which formed the basis for Twila Lee's fraud claim.

While the amended complaint does not specifically allege fraudulent intent, it does include sufficient allegations to support an inference of this element.  Twila Lee alleges that she was required to purchase title insurance from Commonwealth as a

_____

[1]Commonwealth disputes that Ms. Tinkler was, in fact, its agent.  As Commonwealth observes in its motion, however, for the purpose of its 12(b)(6) motion to dismiss, the Court must accept the factual allegations of the Lees' amended complaint as true.  See Scheuer, 416 U.S. at 236.

condition of the contract with Dublin Manor. She alleges that, at the closing, Commonwealth's agent falsely informed the Lees, in response to their inquiry, that a permanent certificate of occupancy had been granted for the property and would be contained in the papers they received during the closing. Twila Lee alleges further that no certificate of occupancy had been obtained prior to the closing or even within thirty (30) days thereafter. For the purposes of this 12(b)(6) motion to dismiss, the Court may properly infer from the allegations that the intent of the alleged misrepresentation was to induce her to close on the property and, in so doing, to purchase title insurance from Commonwealth.

The amended complaint places Commonwealth on sufficient notice of the misrepresentation to allow it to answer and address Twila Lee's claim of fraud in an informed manner. The Court observes, however, that even if the allegations of the amended complaint failed to satisfy those requirements, dismissal on this basis alone would not be appropriate in the absence of a motion for a more definite statement under Federal Rule of Civil Procedure 12(e). See Coffey, 2 F.3d at 162. No such motion has been filed in this case.

### 2. Negligence

While the Tenth Claim of the amended complaint is denominated as a claim for negligence, a close reading of the allegations reveals that Twila Lee has sufficiently pled a claim for negligent misrepresentation to withstand Commonwealth's motion to dismiss. Ohio recognizes the tort of negligent misrepresentation which provides that:

> One who, in the course of his business profession or employment, or in any other transaction in which he has

9

> a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Delman v. City of Cleveland Heights, 41 Ohio St. 3d 1, 4 (Ohio 1989). Liability for negligent misrepresentation is based on the negligence of the actor in failing to exercise reasonable care or competence in supplying correct information. Moffitt v. Auberle, 167 Ohio App. 3d 120 (Ohio Ct. App. 2006). A representation made with an honest belief in its truth may still be negligent because of a lack of reasonable care in ascertaining the facts, or in the manner or expression, or absence of skill and competence required by a particular business or profession. Martin v. Ohio State Univ. Found., 139 Ohio App. 3d 89, 103-04 (Ohio Ct. App. 2000).

Here, Twila Lee contends that Commonwealth breached its duty to exercise reasonable care in providing her with accurate information regarding the certificate of occupancy. This misrepresentation occurred at the closing for the property for which Commonwealth had been retained to provide title insurance coverage. She further alleges that she relied upon the false information which was provided to the Lees by Commonwealth's agent in closing on the property. As a result, Twila Lee contends that she incurred damages. The alleged facts indicate that Twila Lee may be able to prove that Commonwealth either was operating in the course of its business profession or had a sufficient pecuniary interest in this transaction to support a claim for negligent misrepresentation. The Court, therefore, finds that Twila Lee has

alleged sufficient facts to enable her to proceed with her claim of negligent misrepresentation.

### C. Commonwealth's Arguments That Twila Lee's Claims Are Barred

The Court has considered each of Commonwealth's arguments that Twila Lee's claims against it are barred and finds them all to be without merit.  The Court, however, will specifically address the two principal arguments Commonwealth makes in support of its motion to dismiss.  First, Commonwealth contends that various provisions in the title insurance policy bar the claims asserted against it. As support, Commonwealth relies upon the Ohio Supreme Court's holding in Chicago Title Ins. Co. v. Huntington Nat'l Bank, 87 Ohio St. 3d 270, 277 (Ohio 1999).  Commonwealth's reliance is misplaced. In Chicago Title, the court held that a merger clause included in the title insurance policy excluded the negligence claim which Huntington sought to bring based upon Chicago Title's failure to discover a superior mortgage.  The court determined that Huntington was limited to the contractual remedies available in the policy because the language "explicitly preclude[d] an independent tort action by [Huntington] for negligence arising out of the status of its lien or of title to the secured property."  Id.

Here, however, the merger clause in the contract does not bar the type of claims Twila Lee seeks to bring.  The merger clause in Twila Lee's policy with Commonwealth provides:

> Any claim of loss or damage, whether or not based on negligence, and which arises out of the status of the title to the estate or interest covered hereby or by any action asserting such claim, shall be restricted to this policy.

11

Def.'s Mot. to Dismiss, Exh. B.  The merger clause expressly limits Commonwealth's liability to the policy for three categories of claims: 1) claims arising out of the status of the title; 2) claims arising out of an interest covered by the policy; and 3)claims arising out of any action asserting such claim.  As Twila Lee's claims arise out of an alleged misrepresentation as to the existence of a certificate of occupancy, upon which Twila Lee relied in entering into the contract for title insurance and in closing on the property, these claims against Commonwealth are not covered by the merger clause.  The alleged misrepresentation did not arise out of the status of the title or an interest covered by the policy and Twila Lee's claims did not arise out of an action asserting any such claims.

Similarly, Commonwealth's argument that additional language contained in the policy bars Twila Lee's claims is also unavailing. Commonwealth contends that Twila Lee's tort claims are barred by the exclusion provision in the policy which states that:

> The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:
>
> > 1.    (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land;
> >
> > * * *
> >
> > 3.    Defects, liens, encumbrances, adverse claims or other matters:
> >
> > > a.    Created, suffered, assumed or agreed to by the insured claimant . . . .

12

Id.  The exclusions of the policy do not bar Twila Lee's claims because she does not assert any claims under the policy.

Second, Commonwealth argues that the economic loss rule bars Twila Lee's claims.  Under Ohio law, the economic loss rule generally prevents recovery in tort for purely economic loss.  Corporex Dev. & Constr. Mgmt., Inc. v. Shook, Inc. 106 Ohio St. 3d 412 (Ohio 2005).  The Court observes, however, that Ohio courts have held that, as a general matter, the economic loss rule does not apply to bar claims for negligent misrepresentation.  See McCarthy, Lebit, Crystal & Haiman Co. v. First Union Mgmt., Inc., 87 Ohio App. 3d 613, 631-32 (Ohio Ct. App. 1993); HDM Flugservice GMBH v. Parker Hannifin Corp., 332 F.3d 1025, 1032 (6th Cir. 2003)(applying Ohio law and addressing inapplicability of economic loss rule to negligent misrepresentation claims).

Because Ohio courts generally do not apply the economic loss rule to preclude negligent misrepresentation claims, this Court will not, at this stage, preclude Twila Lee from proceeding with her claim of fraudulent inducement, which by its very terms, includes an intentional or reckless fraudulent misrepresentation. Additionally, the Court notes that Commonwealth has not directed this Court to any case in which the economic loss rule has been applied to bar recovery on a fraud claim.  Commonwealth's argument that the economic loss rule bars Twila Lee from asserting her tort claims of fraudulent inducement and negligent misrepresentation is not well taken.

**IV.  Conclusion**

For the foregoing reasons, the Court grants Commonwealth's motion to dismiss Frank Lee's claims, but denies the motion to dismiss Twila Lee's claims.

It is so ORDERED.

/s/ James L. Graham
JAMES L. GRAHAM
Senior United States District Judge

DATE: August 3, 2007

14